**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. 89-162-01(EGS) |
| | : | |
| **RAYFUL EDMOND III,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO REDUCE SENTENCE**

The defendant has provided substantial assistance in the investigation and prosecution of others, and this assistance was provided more than one year after his sentencing in this matter. Accordingly, the government requests that the defendant's sentence be reduced pursuant to Fed. R. Crim. P. 35(b)(2)(C).

**I.      Procedural History.**

The defendant has been convicted in two separate cases: (1) in the District of Columbia in 1989 and (2) in the Middle District of Pennsylvania in 1996. The defendant pleaded guilty and agreed to cooperate in the latter case. His cooperation in that case was successful, but the defendant assigned the benefit of his cooperation to his mother. It is the defendant's subsequent cooperation that is the basis for the government's motion to reduce the defendant's sentence in the former case.

**A.      District of Columbia Conviction.**

From approximately 1985 until 1989, the defendant was the leader of a large scale cocaine trafficking conspiracy here in Washington, D.C. The conspiracy was responsible for distributing hundreds of kilograms of cocaine and generating millions of dollars in illicit proceeds. Members of the conspiracy used intimidation and violence to protect their business. *See generally United*

*States v. Edmond*, 52 F.3d 1080, 1084-86 (D.C. Cir. 1995).  The defendant was arrested on April 15, 1989, and, following a jury trial, on December 6, 1989, the defendant was convicted of the following:  (1) Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. §§ 848(b), 853 (Count One); (2) Conspiracy to Distribute and Possess with Intent to Distribute More Than 5 Kilograms of Cocaine and More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two); (3) Unlawfully Employing a Person Under 18 Years of Age, in violation of 21 U.S.C. § 845b (Count Five); (4) Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a) (Count Eleven); and (5) Unlawful Use of a Communications Facility, in violation of 21 U.S.C. § 843(b) (Counts Fourteen, Fifteen, Sixteen, and Eighteen).  On September 17, 1990, the defendant was sentenced to life imprisonment.[1]

**B.     Middle District of Pennsylvania Conviction.**

Subsequently, the defendant was placed in the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").  While incarcerated at USP Lewisburg, the defendant orchestrated international drug transactions involving kilogram quantities of cocaine.  The defendant had made connections with Colombian drug traffickers, who were also imprisoned at USP Lewisburg.  He then facilitated narcotics transactions between associates of those Colombian drug traffickers and the defendant's associates in Washington, D.C.  Eventually, the defendant's illegal activities were discovered, and on July 20, 1994, the defendant agreed to cooperate with law enforcement.

On August 8, 1996, in the United States District Court for the Middle District of Pennsylvania, the defendant pleaded guilty to Conspiracy to Possess with the Intent to Distribute

---

[1] The defendant was also charged with "offenses involving firearms and violence, including homicide." *Id.* at 1084.  Those charges were subsequently dismissed against the defendant and others were successfully prosecuted and found to be responsible for those offenses.

2

More Than 5 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In connection with his plea, the defendant agreed to cooperate with law enforcement in the investigation and prosecution of others. On July 24, 1997, the defendant was sentenced to 30 years' imprisonment.

The defendant's cooperation was successful. First, he testified in two cocaine trafficking trials in the Middle District of Pennsylvania. Second, the defendant was prepared to testify against seven other defendants, but they pleaded guilty to narcotics trafficking offenses. Third, the defendant participated in a reverse undercover sting operation involving Washington area drug dealers who had been the recipients of cocaine shipped from Colombian sources at the defendant's behest. This sting resulted in the seizure of $190,000 in drug proceeds and convictions of eight defendants. Last, the defendant provided information to law enforcement regarding two homicides that had been committed in USP Lewisburg in 1994, and he testified at the trial of one of the homicides.

In his plea agreement, the defendant had agreed to designate his mother, Constance D. Perry, who was then serving a sentence for her conviction in the same criminal conspiracy for which the defendant had been convicted, as the beneficiary of his cooperation. On June 2, 1998, the government's departure motion was granted, and Ms. Perry's sentence of 293 months' incarceration was reduced to time served.

**II.   Defendant's Cooperation.**

After his mother's sentence had been reduced, the defendant continued to cooperate with law enforcement. It is that cooperation that serves as the basis for this motion. The defendant's cooperation continued through the fall of 2014. This phase of the defendant's cooperation can be divided into four categories: (A) providing testimony for the government at criminal trials, (B) providing background information to the government to assist with ongoing narcotics trafficking

investigations, (C) providing background information pertaining to the investigations of cold case homicides, and (D) providing information to the government to assist in instituting prison reforms intended to curtail inmates' ability to conduct criminal activities.

### A. Testimonial Cooperation.

First, in 2002, the defendant testified in the trial of *United States v. Kevin Gray*. The defendant knew many of the defendants in that prosecution, and he had conducted drug transactions with them before his arrest in 1989. The Gray racketeering drug enterprise covered criminal activity spanning more than a decade and was perhaps the most violent drug trafficking group ever prosecuted in this district. The defendant testified for about four days during which he provided significant evidence of the charged offenses. After a lengthy trial, the defendants were convicted of racketeering and related offenses.

Next, in 2003, the defendant testified for the government in a drug trafficking trial in the Western District of North Carolina. Additionally, the defendant was prepared to testify in a second case in this district, but the case was resolved via a guilty plea, in part due to the defendant's cooperation.

### B. Providing Background Information in Narcotics Trafficking Investigations.

Second, the defendant has provided significant assistance in a number of criminal investigations pursed in this district. In general, he has supplied background and associational information that has been used in drug trafficking investigations; in particular, his information has been used in numerous wiretap investigations. (We note that the defendant's information was not the sole basis for the wiretaps in any of these investigations.) Based, in part, on the defendant's assistance in this regard, over 100 drug dealers were arrested, prosecuted, and convicted.

**C.     Providing Information in Cold Case Homicide Investigations.**

Third, the defendant has provided information to local law enforcement investigating cold case homicides. In general, the defendant has provided a significant amount of information concerning relevant relationships. For example, the defendant has often been able to provide information to investigators regarding friendships, rivalries, or feuds, among decedents and suspects. Such information has helped investigators focus on certain individuals and eliminate others as suspects.

**D.     Assisting with Prison Reforms.**

Last, defendant's drug trafficking operation conducted from inside USP Lewisburg precipitated a Department of Justice Inspector General's ("IG") investigation into telephone usage and visitation privileges afforded inmates by the Bureau of Prisons ("BOP"). The defendant spent hours explaining to IG officials how he and other inmates had exploited their prison telephone privileges for criminal purposes. Ultimately, the BOP completely revamped the inmate telephone system, eliminating inmates' ability to make three way/conference calls and long distance calls. Going forward, inmates were restricted to calling only preapproved telephone numbers that have been vetted by BOP and other law enforcement officials.

**III.    Rule 35 Reduction of Sentence.**

The government seeks a reduction of the defendant's sentence pursuant to Rule 35, which provides as follows:

> b) Reducing a Sentence for Substantial Assistance.
>
> ***
>
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> ***

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35.

Whether to reduce a sentence pursuant to Rule 35 and the amount of any such reduction[2] is within the discretion of the Court. *See, e.g.*, *United States v. McAndrews*, 12 F.3d 273, 279 (1st Cir. 1993); *United States v. Hooton*, 693 F.2d 857, 859 (9th Cir. 1982) ("A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court."); *United States v. Eddy*, 677 F.2d 656, 657 (8th Cir. 1982) ("A Rule 35(a) motion for reduction of sentence calls for an exercise of informed discretion by the sentencing judge.").

When determining the amount by which to reduce a sentence based on a defendant's substantial assistance, the Court also may consider the full range of statutory sentencing factors under 18 U.S.C. § 3553, irrespective of the direction in which those factors cut. The Court may use those § 3553 factors to reduce the sentence by an amount greater than, less than, or the same as what the defendant's assistance, considered alone, would warrant, but the amount of reduction should always be determined in reference to the starting point and by considering the § 3553 factors in combination with the amount of assistance rendered by the defendant. *United States v. Tadio*, 663 F.3d 1042, 1047 (9th Cir. 2011); *United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996) (approving court's consideration of factors other than substantial assistance, "including the seriousness of the offense and the need for the sentence imposed to promote respect for the law and provide just punishment"); *United States v. DiSalvo*, 738 F.Supp. 920, 922 (E.D. Pa. 1990) (defendant's cooperation, poor health, and family situation are all circumstances which may be

---

[2] When reducing a sentence pursuant to Rule 35, the Court may impose a sentence below any otherwise applicable statutory mandatory minimums. Fed. R. Crim. P. 35(b)(4).

considered by court in making determination of whether to grant a Rule 35 motion for reduction of sentence).[3] *But see United States v. Grant*, 636 F.3d 803, 816 (6th Cir. 2011) (district court was barred from using statutory sentencing factors to further reduce sentence once value of his assistance was assessed; to allow otherwise would have disturbed underlying original sentence, rather than merely subtracting value of assistance provided).

**V.      Reduction of the Defendant's Sentence.**

The defendant is 54 years old, and he has been incarcerated since April 15, 1989 – almost thirty years.

As set forth in detail above, the defendant has provided substantial assistance in the investigation and prosecution of others.  The defendant's cooperation has taken many forms.  It has ranged from assisting in the conviction of extremely violent individuals, to assisting in the investigation of ongoing narcotics trafficking to assisting in the institution of prison reforms.  The defendant's cooperation has been both deep and wide.  At bottom, the defendant has made a significant contribution to the investigation and prosecution of others.[4]

But, in determining the amount by which the defendant's sentence should be reduced, the Court should also consider the gravity of the defendant's crimes.  *See, e.g.*, *United States v. Chapman*, 532 F.3d 625, 629 (7th Cir. 2008) (court properly considered the defendants' criminal histories and the seriousness of their offenses in determining the extent of the reductions to be granted, even though those factors already had been considered at the defendants' initial sentencing hearings).  To this point, the defendant stands convicted of having run one of our city's

---

[3]     The government is not aware of the D.C. Circuit having addressed this issue.

[4]     Additionally, "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance."  Fed. R. Crim. P. 35(b)(3).

7

largest and most destructive narcotics distribution operations. And, after having been convicted of that, he went on to run a large scale narcotics distribution operation from prison.

The government is still collecting and evaluating materials relevant to the resentencing of the defendant. Due to the age of this matter, this is a laborious and time consuming process. Accordingly, the government seeks leave to supplement this motion with its sentencing recommendation once the relevant materials have been evaluated.[5]

**VI.   Conclusion.**

The government asks that the Court reduce the defendant's sentence pursuant to Fed. R. Crim. P. 35.

                              Respectfully submitted,

                              JESSIE K. LIU
                              UNITED STATES ATTORNEY
                              DC Bar No. 472845

                              _____/s/_____
                              John Crabb Jr.
                              Deputy Chief, Criminal Division
                              N.Y. Bar No. 2367670
                              United States Attorney's Office
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              (202) 252-1794
                              john.d.crabb@usdoj.gov

---

[5]   As set forth above, the defendant has also been convicted of narcotics trafficking in the United States District Court for the Middle District of Pennsylvania, and, in that case, he was sentenced to thirty years' incarceration to be served consecutive to the sentence in this case. We have consulted the United States Attorney's Office for the Middle District of Pennsylvania, and they advise that they are reviewing the defendant's cooperation to determine whether they will file a motion pursuant to Rule 35 for a reduction of sentence in their case.