# United States District Court

District of __Columbia__

UNITED STATES OF AMERICA
V.
RAYFUL EDMOND, III
DOB 11/26/64; PDID 381196

(Name of Defendant)

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

Criminal
Case Number  89-162-01

**FILED**
SEP 19 1990
JAMES F. DAVEY, Clerk

Daniel Ellenbogan, Esquire
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1,2,5,11,14,15,16, and 18 of the Retyped Indictment__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 848 | CONTINUING CRIMINAL ENTERPRISE | 1 |
| 21 USC 846 | CONSPIRACY TO VIOLAGE NARCOTIC LAWS | 2 |
| 21 USC 845(b) | EMPLOYMENT OF PERSONS UNDER 18 YEARS OF AGE | 5 |
| 18 USC 1952(a)(3) | INTERSTATE TRAVEL IN AID OF RACKETEERING | 11 |
| 21 USC 843(b) | UNLAWFUL USE OF COMMUNICATIONS FACILITY | 14,15,16,18 |

(Date of the Offenses: From on or about 1985, to on or about April 16, 1989)

The defendant is sentenced as provided in pages 2 through __4__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☒ It is ordered that the defendant shall pay to the United States a special assessment of $ __400.00__, ~~which shall be due immediately.~~

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
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

Defendant's mailing address:
incarcerated

Defendant's residence address:
incarcerated

September 17, 1990
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

CHARLES R. RICHEY, U.S. JUDGE
Name & Title of Judicial Officer

September 19, 1990
Date

Defendant: RAYFUL EDMOND, III
Case Number: 89-162-01

Judgment—Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  Life Imprisonment  on each of counts 1,2, and 5; Sixty (60) Months on count 11; Forty-Eight(48) Months on each of counts 14, 15, 16 and 18; said sentences are to run concurrently by the counts.

Since the crime of conspiracy in count 2 is a lesser included offense of the crime of continuing criminal enterprise in count 1, the aforementioned sentence on count 2 will be vacated upon affirmance of the conviction under count 1 pursuant to the authorities and rationale of United States v. West, 877 F.2d 281,292 (4th Cir. 1989) and United States v. Roman, 870 F.2d 65,76 (2nd Cir. 1989).  In all other respects, the sentence on count 2 shall be final and conclusive as shall the sentence on all other counts imposed herein.

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district,

☐ at _____ a.m./p.m. on _____;

☐ as notified by the Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: RAYFUL EDMOND, III
Case Number: 89-162-01

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____
Eight (8) Years on count 5; Four (4) Years on count 2; Three (3) Years on each of counts 11,14,15,16, and 18; said terms shall run concurrently by the counts.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall not possess a firearm or dangerous weapon.

The defendant shall pay a Special Assessment of $50.00 per count for a total of $400.00 which shall be paid during the first six(6) months of supervised release, if not sooner paid.

The Court on the record before it cannot find that this defendant has the resources to pay a fine, the cost of imprisonment or supervision. Therefore, imposes no such requirement even though he obviously has found the resources to hire at least three private attorneys to date.

AO 245 S (3/88) Sheet 5 - Standard Cond.    Probation

Judgment—Page 4 of 4

Defendant: RAYFUL EDMOND, III
Case Number: 89-162-01

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.