# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Cr. 89-162-01(EGS) |
| | : | |
| RAYFUL EDMOND III, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S POST-HEARING BRIEF

The Court has permitted the government to submit a post-hearing brief in this matter. 10/16/19 Trans. at 192. The government hereby addresses two issues that arose at the hearing: (1) whether the Court should reduce the defendant's sentence by more than the amount requested by the government and (2) the applicability of "Safety Valve" provision to the defendant's offenses of conviction.

**I.      Any sentencing reduction in this matter should not be greater than the amount requested by the government.**

When initially sentencing a defendant, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the sources from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1972); *see also United States v. McCrory*, 930 F.2d 63, 68 (D.C. Cir. 1991); 18 U.S.C. § 3661. As the provisions of 18 U.S.C. § 3582 demonstrate, however, a Rule 35 proceeding is not a *de novo* sentencing but the modification of a previously imposed sentence. Subsection (a) of 18 U.S.C. § 3582 sets forth the factors a court must consult when "determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term . . . ." Subsection (c) of 18 U.S.C.

§ 3582 then declares that a court "may not modify" a term of imprisonment "once it has been imposed" except in limited circumstances, including when such a modification is "expressly permitted" by "Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Section 3582 thus "draws a distinction between the *imposition of a sentence* and the *modification of an imposed term of imprisonment*." *United States v. Lightfoot*, 724 F.3d 593, 597 (5th Cir. 2013).

Rule 35, in turn, "delineates a limited set of circumstances in which a sentence may be corrected or reduced." *Dillon v. United States*, 560 U.S. 817, 828 (2010). In particular, Rule 35(b)(2)(C) applies here and provides that, "[u]pon the government's motion made more than one year after sentencing," the Court may reduce the defendant's sentence if his substantial assistance involved information "the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant." The government's pending Rule 35 motion thus initiates a two-step inquiry by the Court.

"The first step of the Rule 35(b) analysis is to determine whether the defendant has offered substantial assistance sufficient to trigger" the Court's authority to reduce his sentence. *United States v. Tadio*, 663 F.3d 1042, 1047 (9th Cir. 2011). The Court's decision whether to grant a Rule 35(b) motion must be based exclusively on the defendant's substantial assistance; non-assistance factors, including the sentencing factors set forth in 18 U.S.C. § 3553(a), may not be considered. *See*, *e.g.*, *id.* at 1046-47; *United States v.*

*Clawson*, 650 F.3d 530, 532 n.1 (4th Cir. 2011); *see also Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011).

If the Court concludes that the defendant has provided substantial assistance, it must then determine "the extent to which the defendant's sentence should be reduced." *Tadio*, 663 F.3d at 1048. In contrast to the two other enumerated circumstances in 18 U.S.C. § 3582(c) permitting modification of an imposed term of imprisonment,[1] however, subsection (c)(1)(B) does not "direct" courts to consider the § 3553(a) factors when considering a Rule 35(b) sentence reduction. *Lightfoot*, 724 F.3d at 598. Accordingly, at this second step of the Rule 35(b) analysis, this Court *may* consider the § 3553(a) non-assistance factors, but is not *required* to do so. *Id.* at 597; *see United States v. Webster*, 666 F.3d 1023, 1026 (7th Cir. 2012); *United States v. Grant*, 636 F.3d 803, 815-16 (6th Cir. 2011) (*en banc*). Should this Court exercise its discretion to consider the § 3553(a) factors, the "near-universal rule" is that this Court may consider those factors only to grant a smaller reduction than requested by the government, not to increase the reduction beyond the amount justified by the defendant's assistance alone. *Lightfoot*, 724 F.3d at 598; *see United States v. Shelby*, 584 F.3d 743, 748 (7th Cir. 2009); *United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996) (per curiam); *see also United States v. Davis*, 679 F.3d 190,

---

[1] *Cf.* 18 U.S.C. § 3582(c)(1)(A) ("after considering the factors set forth in section 3553(a)," a court, upon the BOP Director's motion, may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons" and the defendant is over 70 years of age); *id.* § 3582(c)(2) ("after considering the factors set forth in Section 3553(a) to the extent they are applicable," a court may reduce a term of imprisonment where the defendant was sentenced based on a sentencing range subsequently lowered by the Commission).

196-97 (4th Cir. 2012); *United States v. Rublee*, 655 F.3d 835, 839 (8th Cir. 2011); *Grant*, 646 F.3d at 816-18; *United States v. Neary*, 183 F.3d 1196, 1197-98 (10th Cir. 1999).[2]

Importantly, the Court's limited consideration of the § 3553(a) factors may not convert the defendant's Rule 35(b) proceeding into a full resentencing. Although a judge may consult the statutory sentencing factors "to make sure that the reduced sentence is not unjust," there "is no comparable reason for the judge to reexamine the entire sentence under section 3553(a)." *Shelby*, 584 F.3d at 748-49; *see also Dillon*, 560 U.S. at 827-28 (not a "plenary resentencing"); *Webster*, 666 F.3d at 1026 ("Rule 35(b) proceedings do not provide an opportunity for a full resentencing."). Indeed, the defendant's presence is not even required at any Rule 35(b) proceeding, *see* Fed. R. Crim. P. 43(b)(4), thus demonstrating that such proceedings "stand apart from other sentencing proceedings." *Dillon*, 560 U.S. at 828; *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("sentence modifications" differ "procedurally from sentencing in that the offender is not entitled to be present in court at the time the reduced sentence is imposed").

In sum, the scope and purpose of this Rule 35 proceeding is exceedingly narrow. If the Court concludes that the defendant has provided substantial assistance, it does not impose a new sentence. Rather, the Court modifies the originally imposed sentence to

---

[2] These courts reason that although the outer limit of the sentence reduction must be justified by the value of the defendant's assistance, district court judges must be simultaneously permitted to consider "the continuing danger the defendant poses to society, the heinous nature of his crimes, or other factors [that are] relevant" in order to avoid granting reductions that are unreasonably generous in light of those sentencing considerations. *Davis*, 679 F.3d at 196; *see Shelby*, 584 F.3d at 748-49. It appears that only the Ninth and Second Circuits have held that a Rule 35 "court may properly consider the § 3553(a) factors in determining the amount of reduction and it may use these non-assistance factors to reduce the sentence by an amount greater than, less than, or the same as what the defendant's assistance, considered alone, would warrant." *Tadio*, 663 F.3d at 1055; *see United States v. Katsman*, 905 F.3d 672, 675 (2d Cir. 2018) (*per curiam*). The D.C. Circuit apparently has not ruled on this issue.

account for that assistance. And, if the Court considers the § 3553(a) factors, it may do so only to ensure that the government's recommended assistance-based reduction is not unreasonably generous in light of, for example, the seriousness of his offenses. *See Webster*, 666 F.3d at 1026.

## II.     The "Safety Valve" is not applicable to this matter.

The defendant was convicted of eight federal drug offenses, including Engaging in a Continuing Criminal Enterprise (involving at least 150 kilograms of cocaine and at least 1.5 kilograms of cocaine base) in violation of 18 U.S.C. § 848 ("CCE"). Such a conviction carries a mandatory sentence of life imprisonment. *See* 21 U.C.C. § 848(b).

As the Court is aware, the government has filed a motion, pursuant to Fed. R. Crim. P. 35(b)(2), to reduce the defendant's sentence. *See* Motion to Reduce Sentence [ECF No. 214]. In determining the amount of such a reduction, the defense has argued that the Court should not consider the defendant's life sentence as a starting point because the defendant's mandatory minimum sentence could have been abrogated by the U.S.S.G. § 5C1.2 (the "Safety Valve").[3] *See* 11/16/19 Trans. at 188-89.

---

[3]     The Safety Valve provides that a mandatory minimum sentence does not apply when certain criteria:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of sub-section (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

The defense's argument is baseless. The Safety Valve only applies to certain enumerated crimes, and the defendant's conviction for CCE is not one of them. See U.S.S.G. § 5C1.2 ("in the case of an offense under *21 U.S.C. § 841, § 844, § 846, § 960, or § 963*, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence . . . .) (emphasis added).

## III. Conclusion

The government submits the preceding post-hearing briefing.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845


_____/s/_____
John Crabb Jr.
Deputy Chief, Criminal Division
N.Y. Bar No. 2367670
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov

---

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2.