**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. Action No. 89-162 (EGS)** |
| **RAYFUL EDMOND, III,** | |
| **Defendant.** | |

**MOTION FOR RECONSIDERATION OF MEMORANDUM
OPINION OF FEBRUARY 14, 2023 DENYING RELIEF**

Rayful Edmond, III, by counsel, respectfully moves the Court to reconsider its sealed Memorandum Opinion issued on February 14, 2023 (Doc. 358) denying his Motion for a Sentence Reduction Under § 404(b) of the First Step Act of 2018 (Doc. 345) and his Motion for a reduced sentence under Guideline Amendment 782 (Doc. 332).

**I.      Preliminary Statement**

The Court concluded that it "is unable to exercise its discretion to reduce Mr. Edmond's sentence any lower than § 848(a)'s statutory minimum of twenty years imprisonment" Doc. 358, slip op. 53, because it is "bound by 'the anchoring effect' of § 848(a)'s statutory minimum of twenty years imprisonment," quoting *United States v. Palmer*, 35 F.4th 841, 852 (D.C. Cir. 2022). The Court rejected Mr. Edmond's argument that he "'is no longer subject to a mandatory minimum sentence' given the Court's disposition of his Rule 35(b) motion." The Court wrote that Mr. Edmond's argument was "incorrect" for "the reasons discussed throughout section B of this opinion" *id*. at 50 n. 15, but Mr. Edmond does not understand what "reasons" the Court is referring

1

to in section B or how they negate his argument. The only cases the Court cites do not involve cooperators who received Rule 35(b) sentence reductions, unlike Mr. Edmond. So how could they negate his position? The grant of a Rule 35(b) motion busts any otherwise applicable mandatory minimum; indeed, in drug cases with harsh mandatory minimums that is the biggest benefit of a Rule 35(b) grant. That benefit does not somehow disappear or vanish immediately after the defendant's sentence is reduced pursuant to Rule 35(b), so that any subsequent motion to reduce his sentence is subject to the mandatory minimum once again. Once the mandatory minimum is busted, it remains busted. Mr. Edmond is not aware of any case which has held, *or even suggested otherwise*, and the Court cites no such case.

This Honorable Court, which we have the greatest respect for, has not provided any policy or logical reason to reject Mr. Edmond's position that he is still eligible for a further reduction of his sentence under § 404(b). A policy argument strongly *favors* his position because it encourages defendants to cooperate. The Court's position discourages cooperation by depriving Rule 35(b) of much of its power to reward a defendant's cooperation. If a drug defendant can get the same reduction of his sentence to the 20 year mandatory minimum under § 404(b) without *any* cooperation—much less Mr. Edmond's extraordinary cooperation—and Mr. Edmond is stuck with the *same* mandatory minimum, where is Mr. Edmond's reward for his extraordinary cooperation for decades? It has simply vanished along with the mandatory minimum-busting power of the Rule 35(b) motion.

Mr. Edmond illustrated the perverse result of ignoring the continuing mandatory minimum-busting effect of the grant of the government's Rule 35(b) motion, observing that, if his lawyers had initially filed a motion to reduce his sentence under § 404(b) and then obtained the long-awaited Rule 35(b) grant, there would be no argument for denying him a further reduction of his

sentence to time served. But because his lawyers obtained a Rule 35(b) reduction to twenty years (from mandatory life) first, and then filed a motion to reduce his sentence under § 404(b), he was stuck serving a twenty year sentence. The order in which the motions to reduce his sentence were filed and considered should have no such unfortunate result as the Court would have it. The Court states that it "does not address this theory, given that the only task before it is to resolve Mr. Edmond's….§ 404(b) motion[], not another Rule 35(b) motion." *Id.* at 51, n. 15. But that is no answer to Mr. Edmond's argument because in order to properly decide the pending § 404(b) motion; the Court must provide a reasoned, or at least a legally supported, analysis of why the mandatory minimum of twenty years, once *eliminated* by the Rule 35(b) grant in Mr. Edmond's sentence, should now spring back into action, essentially depriving Mr. Edmond of the just reward he had already obtained for his extraordinary level of cooperation with the government.

The Court made the same error in denying the motion to reduce Mr. Edmond's sentence under Amendment 782. The Court refused to "exercise its discretion to reduce Mr. Edmond's sentence 'below any recommended guidelines based on the extent and significance of his cooperation[,]' as that exception is only valid 'pursuant to a government motion to reflect the defendant's substantial assistance to authorities.' Def.'s Amend. 782 Mot., ECF 332 at 3; U.S.S.G. § 1b1.10(b)(2)(B)." Doc. 358 at 35 n. 10. That analysis once again treats the prior Rule 35(b) grant as a nullity because it was made in a prior proceeding rather than at the same time as the motion under Amendment 782.

Mr. Edmond therefore urges the Court to reconsider its decisions on the § 404(b) motion and the Amendment 782 motion. He will otherwise be forced to appeal those rulings and, even if he prevails on appeal and the case is remanded to this Court for resentencing, he will not be able to get back the extra time he spent in prison during that typically lengthy process of appeal and

reconsideration on remand to this Court. "'[I]njustice will result if reconsideration is refused.

"'[H]arm…would flow from a denial of reconsideration.'" *United States v. Sunia*, 643 F. Supp. 2d

51, 61 (D.D.C. 2009) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)); *United*

*States v. Thorne,* 548 F. Supp. 3d 70, 92 (D.D.C. 2021) (same).

Moreover, the government *never made* the argument the Court makes about the continuing

mandatory minimum. There was no hearing on either motion. So Mr. Edmond had no opportunity

to brief the issue on which the Court held it could not further reduce his sentence. The Court "made

a decision beyond the adversarial positions presented" by the parties. *Sunia*, 643 F. Supp. 2d at 61

(quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)).

The Court correctly rejected the government's § 404(b) arguments as erroneous and

"misleading." It would make sense to reduce Mr. Edmond's sentence to the equivalent of time

served—he only needs a reduction of his 20 year sentence to 16 years and 8 months— and let *the*

*government* pursue an appeal of that decision *if it wants to*. It is doubtful that the government

would appeal. This would reduce the "process of litigation," saving this Court's and the Court of

Appeals' time, saving the government's time, and doing deserved justice to Mr. Edmond. *See*

*United States v. Healy*, 376 U.S. 75, 80 (1964) (noting "the wisdom of giving district courts the

opportunity to promptly correct their own alleged errors" in criminal cases; this may shorten the

"process of litigation").[1] Once freed, Mr. Edmond could be saving lives in the District of Columbia

by mediating deadly gang disputes and mentoring young men at risk. There is a lot of work for

---

[1] It would also spare undersigned pro bono counsel the need to file motions for compassionate release on behalf of Mr. Edmond in this Court *and* in the Middle District of Pennsylvania. Unlike a § 404(b) motion, the courts' discretion to grant a motion for compassionate release under the First Step Act is not cabined by any otherwise applicable mandatory minimums. That is because a motion for compassionate release serves very different purposes than one under § 404(b). The latter motion is narrowly designed to remedy the unfairness suffered by defendants sentenced under the 100 to 1 crack/powder sentencing disparity before the Fair Sentencing Act of 2010.

him to do in that regard. *See, e.g.,* Ryan Petty, *Youth violence is soaring in D.C., city leaders don't know why* (Dec. 12, 2022) (detailing the *Washington Post's* report about the surge in youth violence in D.C., with 16 juveniles killed in D.C. in 2022, double the number from the prior year), attached as Exh. 1; and Emily Davies, *Shootings of youths are soaring in D.C, vexing city leaders*, Washington Post (Dec. 11, 2022), attached as Exh. 2.

## II.    Motions for Reconsideration in District of Columbia Criminal Cases

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in *dicta*, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2006) (citing *Healy*, *supra*, and *United States v. Dieter*, 429 U.S. 6, 8 (1976)). "Courts in this District, have, therefore, entertained motions for reconsideration in criminal cases by importing the standards of review applicable in motions for reconsideration in civil cases." *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) (collecting cases). Accord, *United States v. Thorne,* 548 F. Supp. 3d 70, 91-92 (D.D.C. 2021) (same, quoting *Hassanshahi*); *United States v. Sutton*, 2022 U.S. Dist. LEXIS 191528, *4 (D.D.C. Oct. 20, 2022) (same).

"[T]o be timely, a motion for reconsideration must be filed within the period allotted for noticing an appeal." *United States v. Farley*, 72 F.3d 158, 162 (D.C. Cir. 1995) (collecting cases from other circuits). Accord, *United States v. McLaughlin*, 2008 U.S. App. LEXIS 11103 (May 21, 2008). While that period used to be 10 days after entry of judgment in criminal cases, 72 F.3d at 162, it is now 14 days after the later of the entry of either the judgment or the order being appealed.  F.R.A.P. 4(b)(1)(A)(i). A judgment or order is entered for purposes of Rule 4(b) when it is entered on the criminal docket. F.R.A.P. 4(b)(6). Accordingly, this motion for reconsideration is timely as it is filed within 14 days of the entry of judgment.

### III.     Nothing in *Palmer* limits this Court's ability to resentence Mr. Edmond below § 848(a)'s twenty-year mandatory minimum.

The Court states that its analysis is "driven" by the D.C. Circuit's recent decision in *United States v. Palmer*, 35 F.4th 841 (D.C. Cir. 2022). Doc. 358 at 45. But *Palmer* does not prevent this Court from resentencing Mr. Edmond to something less than his current twenty-year sentence. No language in *Palmer* even suggests that a defendant granted a Rule 35(b) reduction of his sentence cannot be sentenced to less than the § 404(a)'s twenty-year mandatory minimum. That is not surprising since defendant Palmer had never cooperated with the government. Indeed, he had an appalling "prison disciplinary record with over twenty incidents leading to sanctions, including at least six violent incidents." 35 F.4th at 853 n. 7. *Palmer* does hold that "the 'new statutory minimum' frames the district court's exercise of discretion." *Id*. at 853. It states that the "new statutory minimum penalty…sets the lower bound of the district court's [sentencing] discretion…" *Id.* at 851. However, it is not completely clear whether the court of appeals meant to hold that a district court *cannot* go below the new statutory minimum even in a § 404(b) case involving a defendant *who did not earn a Rule 35(b) reduction of his sentence.* But there is nothing in the court of appeals' opinion suggesting that a defendant who has received a Rule 35(b) grant cannot be sentenced below the new statutory minimum—or that the previous grant of a Rule 35(b) must be disregarded in the later § 404(b) proceeding. Counsel does not believe our court of appeals would ever so hold. *See* U.S.S.G. § 1B1.10(b)(2)(B)(Exception for Substantial Assistance), which allows a further reduction of sentence under § 3582(c)(2) below the minimum of the amended guideline range "determined under subdivision one of this subsection."

IV.     **When it reduced Mr. Edmond's sentence under Rule 35(b), the Court did not account for the First Step Act's reduction in the mandatory minimum now applicable to Mr. Edmond.**

The Court recognized that it "used Mr. Edmond's original sentence, mandatory life imprisonment, as the 'starting point' in calculating the correct reduction." Doc. 358 at 47. Had the Court used § 404(a)'s current twenty-year mandatory minimum as the starting point, the Court would certainly have reduced Mr. Edmond's sentence to well below twenty years under Rule 35(b). He would have been released from prison at that time, on February 23, 2021. Now, two years later, the Court has erroneously determined that it "is unable to exercise its discretion to reduce Mr. Edmond's sentence any lower than § 848(a)'s statutory minimum of twenty years imprisonment." Doc. 358 at 53. That determination comes *after* Mr. Edmond filed a well briefed motion under § 404(b) seeking a further 40 month reduction of his sentence to 16 years and 8 months.[2] The effect of the Court's decision is to deprive Mr. Edmond of any real consideration for his extraordinary "decades-long cooperation"—which the government and the Court have repeatedly praised as unprecedented in this jurisdiction. Doc. 358 at 2.[3] Indeed, as explained in Mr. Edmond's letter of January 24, 2023, the reason he *still* remains in prison is because *due to his extraordinary cooperation* he was ineligible for RDAP, halfway house and home confinement, unlike ordinary, non-cooperating federal prisoners. *See United States v. Penson*, No. 12-CR-589

---

[2] While Mr. Edmond's motion sought a further reduction of 92 months, he later reduced his requested reduction to 40 months (Edmond Letter of Jan. 24, 2023 at p.2) due to the passage of time and to a separate reduction of his Middle District of Pennsylvania sentence under Rule 35(b). Now he only needs a 36 month reduction.

[3] Other major CCE defendants who did not cooperate and who were far less deserving than Mr. Edmond in every way have received reductions in their sentences to 20 years and even to time served under § 404(b), as this Court is aware. Some of these other CCE cases are discussed in cases cited by the Court in its memorandum opinion as well as in this Court's opinion.

(N.D. Ill. Nov. 30, 2022) (Doc. 391).  The Court does not address *that* unfairness in its decision either.

**Conclusion**

For all of the forgoing reasons, the Court should reconsider its February 14 Memorandum Opinion, Doc. 358, and reduce Mr. Edmond's sentence by 36 months.

Respectfully submitted,

_____*/s/ David B. Smith*_____
David B. Smith
DC Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
703-548-8911 / fax 703-548-8935
dbs@davidbsmithpllc.com
*Counsel for Rayful Edmond, III*

<u>Certificate of Service</u>

I hereby certify that on the 24th day of February, 2023, I electronically filed the foregoing motion and exhibits with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> AUSA John D. Crabb, Jr.
> Office of the United States Attorney
> 555 4th Street, N.W.
> Washington, D.C. 20530
> john.d.crabb@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

> */s/ David B. Smith*
> David B. Smith
> DC Bar No. 403068
> David B. Smith, PLLC
> 108 North Alfred Street
> Alexandria, Virginia 22314
> (703) 548-8911 / fax (703) 548-8935
> dbs@davidbsmithpllc.com
> *Counsel for Rayful Edmond, III*