UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. 89-162-01(EGS) |
| | : | |
| RAYFUL EDMOND III, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION

The government hereby opposes defendant's motion for reconsideration (ECF # 361) ("Mot.").

## I.   Introduction

Edmond claims that, short of reconsideration, he will be deprived "of any real consideration for his extraordinary 'decades-long cooperation.'" Mot. at 7. This claim is startling; inasmuch as, the government has filed Rule 35 motions to reduce Edmond's sentences in both of his cases. Before the government's requests for sentencing reductions were granted, Edmond was serving a life sentence to be followed by a sentence of thirty years. He is now scheduled to be released in the fall of 2025, meaning that he will end up having served approximately 36 years. Edmond provides no valid reason for the Court to reconsider its denial of his motions to reduce his sentence, pursuant to Amendment 782 and the First Step Act. Instead, he regurgitates previously raised issues and offers improper bases for reconsideration.

## II.   Background

Edmond was arrested on April 15, 1989, and he has been incarcerated since that date. Following a jury trial, on December 6, 1989, Edmond was convicted of the following: (1) Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. §§ 848(b), 853 (Count

One); (2) Conspiracy to Distribute and Possess with Intent to Distribute More Than 5 Kilograms of Cocaine and More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two); (3) Unlawfully Employing a Person Under 18 Years of Age, in violation of 21 U.S.C. § 845b (Count Five); (4) Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a) (Count Eleven); and (5) Unlawful Use of a Communications Facility, in violation of 21 U.S.C. § 843(b) (Counts Fourteen, Fifteen, Sixteen, and Eighteen).  On September 17, 1990, Edmond was sentenced to life imprisonment.

Subsequently, on February 23, 2021, the Court granted the government's motion to reduce Edmond's sentence pursuant to Fed. R. Crim. P. 35.  The Court reduced Edmond's sentence to "twenty years imprisonment . . . ."  (ECF # 312).  Edmond's period of incarceration pursuant to the sentence in this case (20 years), therefore, ended on April 15, 2009.[1]  Subsequently, Edmond filed motions to reduce his sentence pursuant to Amendment 782 and the First Step Act.  On February 14, 2023, the Court denied those motions.  ("Mem. Op.").

**III.   Standard**

"Unlike the Federal Rules of Civil Procedure, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for this district provide for motions for reconsideration. Nevertheless, judges in this district have assumed, without deciding, that they may consider motions for reconsideration in criminal cases."  *United States v. Bagcho*, 227 F. Supp. 3d 28, 31 (D.D.C. 2017) (citations omitted).

When such motions are entertained,

---

[1] On August 8, 1996, in the United States District Court for the Middle District of Pennsylvania, Edmond pleaded guilty to Conspiracy to Possess with the Intent to Distribute More Than 5 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 24, 1997, Edmond was sentenced to 30 years' imprisonment, *consecutive* to his sentence in this case.  The government filed a motion pursuant to Rule 35 to reduce Edmond's sentence in that matter.  The government's motion was granted, and now Edmond scheduled to be released in that case in November 2025.

2

courts in this District and appl[y] the "as justice requires" standard. "[A]sking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." In making this determination, the Court considers whether it "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."

*United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) (citations omitted); *see also United States v. Thorne*, 548 F. Supp. 3d 70, 92 (D.D.C. 2021), as corrected (July 16, 2021) (reconsideration appropriate only if "'"(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order."'"),

Importantly, "a motion for reconsideration is 'not simply an opportunity to reargue facts and theories upon which a court has already ruled.'" *Id.* at 81; *United States v. Caldwell*, No. 21-CR-28 (APM), 2022 WL 203456, at *1 (D.D.C. Jan. 24, 2022) (same). "[E]xercise of the discretion . . . to revisit earlier rulings in the same case is "'"subject to the caveat that where litigants have once battled for the court's decision, they should *neither be required, nor without good reason permitted, to battle for it again*."'" *Thorne*, 548 F. Supp. 3d at 92 (emphasis added).

### IV. There is no basis for the Court to reconsider its denial of Edmond's motions to reduce his sentence.

Edmond's motion for reconsideration should be denied, as the Court (1) did not "patently misunderst[and] a party"; (2) make "a decision outside the adversarial issues presented"; nor (3) make "an error not of reasoning but of apprehension." Nor has there been "a controlling or significant change in the law or facts . . . ." *Hassanshahi*, 145 F. Supp. 3d at 80. Instead, the Court denied Edmond's motion based on the law and in an exercise of its discretion.

After admitting that he "does not understand" the Court's reasoning (Mot. At 1), the defense simply seeks "to reargue facts and theories upon which [the Court] has already ruled" *id*.

3

at 81, which is improper. Additionally, the defense stretches the boundaries of proper advocacy by requesting reconsideration (1) to avoid being "forced to appeal" (Mot. at 3) and (2) to relieve his burden of filing a motion for compassionate release (*id*. at 4). The defense goes so far to suggest that the Court should reverse its prior ruling – daring the government to appeal. *Id.*[2] ("let the government pursue an appeal of that decision if it wants to."). Needless to say, none of this is a proper reason for the Court to reconsider its decision.[3]

### A.     Defendant's Motion Pursuant to Amendment 782

Edmond again asks the Court to further reduce his Guidelines range pursuant to Amendment 782. Mot. at 3. But he has already received the benefit of a Guidelines modification regarding drug quantity:

> The Court used the 2018 Sentencing Guidelines Manual to arrive at these recalculations, see Edmond, 2021 WL 706534, at *20; which "incorporat[es] amendments effective November 1, 2018, and earlier[,]" U.S.S.G. (Nov. 1, 2018). Therefore, contrary to Mr. Edmond's assertion, the Court did not need to mention "in the Memorandum Opinion itself [ ] any relief under Amendment 782[,]" which took effect years earlier on November 1, 2014 and was thus already reflected in the 2018 Guidelines' Drug Quantity Table.

Mem. Op. at 32. The Court has also already considered and rejected Edmond's ancillary Guidelines modification arguments. Mem. Op. at 34 ("Mr. Edmond raised this exact argument during his Rule 35(b) proceeding, and the Court rejected it.); *id*. at 35 (the Court has already enumerated the reasons for rejecting"). The parties need the ability to

---

[2] The defense even presumes the role of soothsayer, asserting that "[i]t is doubtful that the government would appeal." *Id*.

[3] The defendant also argues that the Court misapplied the D.C. Circuit's guidance in *United States v. Palmer*, 35 F.4th 841 (D.C. Cir. 2022), and disagrees with the Court regarding a Rule 35 Motion's effect on a mandatory minimum sentence. With respect to the latter, the Court has already rejected the defendant's contention. Mem. Op. at 50, n. 15 ("this is an incorrect statement of law in the assessment of a § 404(b) motion, which is analyzed differently than a Rule 35(b) motion."). And the defendant offers nothing new to contradict the Court's position – save his belief that the D.C. Circuit would disagree. Mot. at 6. With respect to the former, the defendant offers no countervailing or expository authority. At best, the defendant questions the Court's "reasoning" not its "apprehension," which is not a proper basis for reconsideration. *Hassanshahi*, 145 F. Supp. 3d at 80. It is clearly not "a clear error in the first order." *Thorne*, 548 F. Supp. 3d at 92.

"rely on the finality of judgments." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), aff'd, 782 F.3d 9 (D.C. Cir. 2015).

**B.     First Step Act**

Here, the Court exercised its discretion to deny Edmond's motion. Mem. Order at 45 ("Despite his eligibility for relief, *the Court will not exercise its discretion* to reduce Mr. Edmond's Sentence under § 404(b) of the First Step Act.") (emphasis added). *See, e.g.*, *Concepcion v. United States*, 597 U.S. 481, 501 (2022) (noting "broad discretion that the First Step Act affords to district courts" . . . 'Section 404(c) of the First Step Act confers particular discretion, clarifying that the Act does not 'require a court to reduce any sentence.' Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes . . . ."); *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) ("The sentencing court has broad discretion, since 'nothing' in the FSA 'shall be construed to require a court to reduce any sentence.'"). Revisiting the Court's exercise of discretion is a particularly inappropriate basis for reconsideration. This is especially so where, as here, the Court carefully considered the appropriate factors in exercising its discretion. Mem Op. at 47 (the Court considered Edmond's "history of substantial assistance and the § '3553(a) non-assistance factors'"). *See, e.g., United States v. Williams*, 63 F.4th 908, 912 (11th Cir. 2023) (proper exercise of discretionary denial of First Step Act motion, where court considered, among other things the Sec. 3553(a) sentencing factors).

The Court's exercise of its discretion not to further reduce Edmond's sentence is buttressed by the fact that he is no longer serving a sentence in this case. A defendant may not receive a sentencing reduction pursuant to the First Step Act for a completed sentence. *See, e.g.*, *United States v. Brow*, 62 F.4th 114, 121 (3d Cir. 2023) ("the First Step Act does not permit district courts to impose a reduced sentence for covered offenses where those sentences have been fully served");

*United States v. Payne*, 54 F.4th 748, 751 (4th Cir. 2022) ("insofar as Payne's motion can be construed as requesting 'that his completed sentence of incarceration be reduced pursuant to the First Step Act,' his case is moot.  The doctrine of mootness ensures that courts abide by Article III's limitation of the judicial power to 'cases" and "controversies.'"); *United States v. Martin*, 974 F.3d 124, 140 (2d Cir. 2020) ("The First Step Act does not authorize district courts to reduce sentences for covered offenses where those sentences have been fully served.").

This result is consistent with long-standing sentencing principles.  *United States v. Llewlyn*, 879 F.3d 1291, 1298 (11th Cir. 2018), is instructive in this regard.  In *Llewlyn*, the defendant was convicted in the Southern District of Florida of a narcotics offense and sentenced to 110 months' imprisonment.  *Id*. at 1293.  Thereafter, the defendant was convicted of another narcotics offense in the Western District of North Carolina, where he was sentenced to 360 months' incarceration to be served *consecutively* to the Florida sentence.  *Id.*

The defendant in *Llewlyn* moved for his Florida sentence to be reduced; and like Edmond's sentence in this case, that sentence had been completed.  The Eleventh Circuit affirmed the district court's denial of the request for a sentencing reduction:  "this appeal is 'about two separate and independent federal crimes, committed at separate times and sentenced separately by two different judges.'  Because Llewlyn has already served the entirety of his otherwise eligible sentence, he is ineligible for a sentence reduction pursuant to § 3582(c)(2)." *Id.* at 1298 (citation omitted).  The court noted that granting Llewlyn's request "would render the concept of 'consecutive sentences' imposed at different times meaningless." *Id.* at 1295; *see also Martin*, 974 F.3d at 130 (2d Cir. 2020) ("Therefore, an inmate like Martin—who has served the entirety of his sentence for a covered offense and remains imprisoned only by virtue of consecutive terms of imprisonment arising out of separate judgments of conviction—cannot obtain effectual relief through a favorable

6

judicial decision authorized by the First Step Act."); *United States v. Askew*, 823 F. App'x 771, 775 (11th Cir. 2020) ("the district court could not reduce Askew's drug possession prison sentence because there was nothing left to reduce"): *United States v. Chapple*, 847 F.3d 227, 230–31 (5th Cir. 2017) (same); *United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) ("Vaughn is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence.").

To the extent that the Bureau of Prisons may have "aggregated" Edmond's sentence imposed in this District and his sentence imposed in the Middle District of Pennsylvania, such aggregation is irrelevant for these purposes. Aggregation of sentences for administrative purposes, pursuant to 18 U.S.C. § 3582, does not aggregate those sentences with respect to judicial determinations. *United States v. Zoran*, 682 F.3d 1060, 1062 n.2 (8th Cir. 2012) (noting that § 3584(c) "merely instructs the Bureau of Prisons in administering sentences"). In fact, courts have consistently rejected the claim that administrative aggregation permits the modification of a sentence that has already been served. *See Martin*, 974 F.3d at 130 ("The fact that multiple sentences may be aggregated for administrative purposes does not authorize a court to treat those sentences as an undivided whole, the authorization to modify one part of which confers authorization to modify the whole."); *id.* at 136 ("courts that have modified sentences outside the context of the First Step Act have routinely rejected that administrative aggregation permits the modification of sentences that have already been served"); *Llewlyn*, 879 F.3d at 1295 ("district courts' judicial decisions under § 3582 do not constitute an 'administrative purpose.' This language instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served."); *Vaughn*, 806 F.3d at 643–44 ("Section 3584(c) does not support Vaughn's position because it specifies that aggregation is 'for administrative purposes,' and the

issue at hand is judicial, not administrative. The BOP is responsible for administration of sentences. A sentence reduction under § 3582(c)(2), on the other hand, involves discretionary decision-making by the district court and cannot be described as administrative.") (citations/omitted); *Askew*, 823 F. App'x at 774–75 ("The BOP's aggregation of sentences was 'for administrative purposes' and 'district courts' judicial decisions under § 3582 do not constitute an "administrative purpose."'"). In sum, the "'imposition' of a sentence is not an administrative purpose under section 3584(c), and to construe it as such *would warp the structure of that chapter of the United States Code*. *Martin*, 974 F.3d at 139 (emphasis added).

### IV.   Conclusion

For the foregoing reasons, Edmond's motion for reconsideration should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


_____/s/_____
John Crabb Jr.
Assistant U.S. Attorney
N.Y. Bar No. 2367670
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov