

Candace N. Robinson, Esq.
candace@cnrlawfirm.com

O: 860-269-3939
F: 860-269-3939

May 2, 2024

**<u>VIA PACER ECF FILING</u>**
Honorable Judge Emmet G. Sullivan
United States District Court for the District of Columbia
333 Constitution Avenue, N.W
Washington, DC 20001

   **Re: <u>*United States of America v. Rayful Edmond, III*</u>**
   **Case No.: 1:89-cr-00162 (EGS)**

Dear Honorable Judge Sullivan:

  Pending before Your Honor is a sentence reduction based on U.S.S.G. Amendment 750 as well as a Motion for Reconsideration based on § 404(b) of the First Step Act. At Mr. Edmond's request, undersigned counsel would like to highlight specific details regarding his case, while awaiting a decision.

  On April 18, 2024, Chief Judge Brann in the United States District Court for the Middle District of Pennsylvania denied Edmond's Compassionate Release. In his denial, Judge Brann discussed at length his eligibility for a sentence reduction based on non-retroactive changes in the law, specifically his firearm and leadership enhancements. Judge Brann analyzed whether *Apprendi* and *Alleyne* applied to sentencing guideline adjustments in pre- *Booker* sentences. The court ultimately decided that "although *Apprendi* and *Alleyne* apply to Sentencing Guidelines adjustments in pre-*Booker* sentences, and although such adjustments were applied in Edmond's case, he admitted to the necessary facts to support those enhancements." (***Attached hereto as Exhibit A** ,***Opinion at 27**). Similarly, in this case he received a firearm and leadership enhancement, but unlike his Pennsylvania sentencing these issues were raised in the very beginning. In Judge Richey's 1990 Memorandum and Opinion, he too discussed in detail Edmond's objection to his two- point gun enhancement. ***Attached hereto as Exhibit B** ,***Opinion at 10**).

  In Edmond's 2019 hearing before this Court, Your Honor asked, " would there be a mandatory life sentence option if he were sentenced today, originally sentenced today?" and the government responded " Yes, Your Honor. If we went to trial on Mr. Edmond and proved the same case, we proved in 1989, the CCE statute is the same." Today, the mandatory minimum for a CCE offender is a range of 20 years- life imprisonment. Moreover, at the time, Mr. Edmond was before this Court based on a Rule 35(b) resentencing which permits a court to go below a recommended mandatory guideline range. The relevant pages of the sentencing transcript are attached hereto as ***Exhibit C.***



Candace N. Robinson, Esq.  
candace@cnrlawfirm.com

O: 860-269-3939  
F: 860-269-3939

On June 27, 2019, this Honorable Court granted a sentence reduction for Vernard A. Mitchell pursuant to Section 404(b), reducing his sentence to time served. Mr. Edmond would like to highlight the similarities in their cases. Mr. Mitchell was arrested on drug and firearm offenses. A jury found him guilty on four of five counts, including the unlawful possession with intent to distribute five grams or more of crack cocaine. Mitchell was sentenced to 262 months' imprisonment. At the time of sentencing, the offense for unlawful possession with intent to distribute five grams or more of crack cocaine carried a five-year mandatory minimum sentence and a maximum of forty years. The First Step Act eliminated the five-year mandatory minimum and lowered the maximum sentence to twenty years.

In 2016, Mitchell received an executive grant of clemency from President Barack Obama, reducing his sentence to 210 months of imprisonment. The Court exercised its discretion under Section 404(b) of the First Step Act and reduced his sentence to time served. Your Honor noted Mr. Mitchell's was eligible for a sentence reduction under the First Step Act because he was sentenced before August 3, 2019, for a covered offense, and application of the Fair Sentencing Act reduced both his statutory penalties and his guideline range. Similarly, Edmond was convicted prior to 2010 and meets the eligibility standard, as fully briefed in both his pending motions before this Court. Edmond remains sentenced 100-to-1 for his crack cocaine offense.

In Mitchell's case, the government argued that President Obama imposed a new sentence on Mr. Mitchell through commutation, and Your Honor found it "unpersuasive" (***Exhibit D***, See Opinion at 16). The government relied on ***United States v. Surratt,* 855 F.3d 218, 219 ( 4th Cir. 2017),** which was a Fourth Circuit case that was dismissed as a moot habeas challenge to a mandatory life sentence for a crack cocaine offense after a commutation. Your Honor stated:

> "the mootness doctrine does not apply to Mr. Mitchell's situation because "[a] case becomes moot… only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) ( citation and internal quotation marks omitted0: see also United States v. Walker, No. 1:94-CR-5, 2019 WL 1226856, at *2 ( N.D. Ohio Mar. 15, 2019) ( finding that " the Fourth Circuit's application of the mootness doctrine in *Surratt* does not apply here" because there was relief available for the defendant under the First Step Act). Accordingly, the First Step Act makes it possible for the Court to grant relief to Mr. Mitchell." ( *Id. at 17*)

Likewise, the government has also argued that Edmond's motions are moot because based on his sentence reduction he completed his sentence in 2009**.** In 2009, Mr. Edmond had a life plus thirty-year sentence. Moreover, Your Honor reduced Mr. Edmond's sentence, and increased his supervised release to a lifetime term of supervision. If the mootness doctrine is applied to Edmond in the same manner as it was in Mitchell's case, his motions would not be moot under the First Step Act because it is still possible for the Court to grant relief.



Candace N. Robinson, Esq.
candace@cnrlawfirm.com

CNR LAW

O: 860-269-3939
F: 860-269-3939

    Most importantly, the purpose of the First Step Act was to correct sentencing disparities with respect to certain offenders with certain offenses, just like Edmond. He received a Rule 35(b) reduction in 2019, filed his § 404(b) motion in 2021, and *Concepcion v. United State*s, 2022 U.S. LEXIS 3070 (June 27, 2022) was decided in 2022. Accordingly, Edmond remains eligible under the First Step Act because he was convicted under a covered offense.

    Kindest regards,

*Candace Robinson Esq.*

Candace Robinson, Esquire

320 Boston Post Road, Suite 180, #1037, Darien, Connecticut 06820